UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

**v.**  CRIMINAL ACTION NO. 2:15-00205

**LEON WILSON, JR.**

## SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
## MEMORANDUM OPINION AND ORDER

On October 31, November 2 and 13, and December 10, 2018, the United States of America appeared by Christopher R. Arthur, Assistant United States Attorney, and the defendant, Leon Wilson, Jr., appeared in person and by his counsel, David R. Bungard, Assistant Federal Public Defender, for a hearing on the petition seeking revocation of supervised release and amendment thereto submitted by United States Probation Officer Douglas W. Smith. The defendant commenced a five-year term of supervised release in this action on March 12, 2018, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on May 2, 2016.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release in the following respects: (1) the defendant committed two violations of the state and local misdemeanor offense of failure to update his sex offender registry as evidenced by his guilty plea on September 18, 2018, for which he received a suspended jail sentence of six months, six months of unsupervised probation, and was assessed court costs and fines; (2) the defendant used and possessed controlled substances as evidenced by positive urine specimens submitted by him on March 26 and August 1, 2018, for amphetamine and marijuana; and a positive urine specimen submitted by him on August 16, 2018, for cocaine, methamphetamine and marijuana; (3) the defendant failed to report for urine collections as instructed on June 22, July 20, August 15 and 24, 2018; and (4) the defendant failed to report for substance abuse counseling and treatment as directed by the probation officer; all as admitted by the defendant on the record of the hearing and all as set forth in the petition on supervised release.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of

supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of **NINETY-FOUR (94) DAYS**, ending on January 2, 2019, to be followed by a term of forty-two (42) months of supervised release upon the standard conditions of supervised release now in effect in this district as promulgated by the Administrative Office of the United States Courts (National Form AO 245B), the standard conditions as set forth in Local Rule 32.3 and the special condition that he participate in, and successfully complete, the 28-day residential drug treatment program at Anchor Point in Delbarton, West Virginia, where he shall follow the rules and regulations of the facility, participate in substance abuse

counseling and treatment, and mental health treatment, as directed by the program and the probation officer. The defendant shall travel directly from his place of incarceration, without interruption, to the Anchor Point program. Once the defendant has completed the Anchor Point program, he shall spend a period of six (6) months in a community confinement center, preferably Dismas Charities, where he shall follow the rules and regulations of the facility and participate in outpatient drug treatment and mental health treatment as directed by the probation officer. The defendant shall travel directly from Anchor Point, without interruption, to the community confinement center.

The defendant was remanded to the custody of the United States Marshal.

The court directs that the defendant be released from imprisonment at or before 9:00 a.m. on January 2, 2018, in order to allow time for him to arrive at the Anchor Point program by 1:00 p.m.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: December 12, 2018

John T. Copenhaver, Jr.
Senior United States District Judge